IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANET GILMORE, #411050    *

    Petitioner    *

  v.       *  CIVIL ACTION NO. GLR-13-1235

STATE OF MARYLAND, et al.  *

    Respondents   *

         ******

## **MEMORANDUM**

On April 25, 2013, the Court received Janet Gilmore's Petition under 28 U.S.C. § 2254, attacking her conviction for theft entered in 2007 by the Circuit Court for Baltimore City and subsequent 2013 probation revocation. ECF No. 1. On June 12, 2013, Respondents filed an answer. ECF No. 7. Petitioner was advised of her opportunity to file a reply, ECF No. 8, and has done so. ECF Nos. 10-13.

Petitioner pled guilty in the Circuit Court for Baltimore City to one count of felony theft. She was sentenced on that same date to a seven-year term of imprisonment, with six years, eleven months and 29 days suspended. ECF No. 7, Ex. 1. Petitioner did not file an application for leave to appeal. Her judgment and convictions became final on August 7, 2009. See Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days after entry of judgment or order from which appeal is sought).

On August 4, 2010, a probation violation warrant was issued. On January 18, 2013, Petitioner was found in violation of probation and sentenced to serve six years, eleven months

and 29 days in prison.  Id.  Petitioner did not file an application for leave to appeal her probation

revocation proceedings which became final on February 19, 2013.  See Md. Rule 8-204(b).

Petitioner has not initiated state post-conviction proceedings as to either her 2007

conviction or 2013 probation revocation.  ECF No. 7, Ex. 1.

Title 28 U. S. C. § 2244(d)[1] provides a one-year statute of limitations in non-capital cases

for those convicted in a state case.  Although the statute is silent as to how it should be applied to

persons such as Petitioner whose convictions were finalized before April 24, 1996, it is now

clearly established that such persons had one year from the effective date, i.e., until April 23,

1997, to file a petition for writ of habeas corpus in federal court.  See Brown v. Angelone, 150

F.3d 370, 375 (4th Cir. 1998).  This one-year period is, however, tolled while properly filed post-

conviction proceedings are pending and may otherwise be equitably tolled.  See 28 U.S.C. §

2244(d)(2).  Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

---

[1] This section provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the statute of limitations imposed in habeas actions. Id. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. Id. at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. See Harris, 209 F.3d at 329-30.[2]

Petitioner had no post-conviction or other properly filed collateral proceedings pending in state court which would serve to toll the limitations period from August 7, 2009, until the filing of the instant case. Petitioner indicates that she relied on the advice of counsel in not filing an application for leave to appeal. She offers nothing, however, in support of her delay in filing her claim in this Court. A petitioner's ignorance of the legal process or unfamiliarity with the law does not support equitable tolling. Harris, 209 F.3d at 325; United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). There were no "extraordinary circumstances" beyond Petitioner's control preventing her from complying with the statutory time limit. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Accordingly, there is no basis for equitable tolling. Petitioner's self-represented status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. See Barrow v. New Orleans S.S. Ass'n., 932 F.2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the Court does not find Petitioner's arguments for equitable tolling compelling. Rouse, 339 F.3d at 248-249 (negligent mistake by party's counsel in interpreting AEDPA statute of

---

[2]   See also Lusk v. Ballard, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in Harris, remains virtually unchanged after Holland.)

limitations does not present extraordinary circumstances warranting equitable tolling); Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); Felder v. Johnson, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). In light of the foregoing, the Petition, as it pertains to Petitioner's 2007 conviction, shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. See 28 U.S.C. § 2254(b) and (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. Petitioner was entitled to review of her claims either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. See Md. Code Ann., Crim. Pro. Art., §§ 7-101-7-301 and § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. See Sherman v. State, 593 A.2d 670, 670-71 (1991). If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. See Grayson v. State, 728 A.2d 1280 (1999). Petitioner has not yet begun, much less completed, post-conviction review as it pertains to her 2013 probation revocation. To the extent petitioner seeks federal habeas review of her 2013 probation revocation the claim shall

be dismissed without prejudice as unexhausted, to allow her to refile that portion of her case after completion of state remedies.

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA  [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 484.  Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.

August 19, 2013                                             /s/
                                              _____
                                              George L. Russell, III
                                              United States District Judge